UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DENNIS GERARD ETZEL,

       Appellant,

      v.                                                                                 Case No. 06-CV-0119

AMERICAN STANDARD INSURANCE CO.,

       Appellee.
_____

## ORDER

Appellant Dennis Gerard Etzel appeals a December 23, 2005 order in which United States Bankruptcy Judge Margaret D. McGarity granted American Standard Insurance Co.'s (American) motion for summary judgment. The bankruptcy court concluded that the debt Etzel owed to American is excepted from discharge under 11 U.S.C. § 523(a)(7). Etzel appeals the decision of the bankruptcy court, asserting that since American is a non-governmental creditor, the debt is dischargeable in bankruptcy under § 523(a)(7). For the reasons stated below, the court will affirm the bankruptcy court's decision.

## BACKGROUND

The material facts necessary for the bankruptcy court's determination are undisputed, although Etzel's actual culpability in the crime that led to his debt to American is not conceded. American filed an adversary proceeding under 11 U.S.C. § 523(a)(6) seeking a determination that the debt owed it by Etzel is excepted from his discharge. American is a creditor of Etzel's as a result of criminal charges

brought against Etzel and Michael Schultz. According to the criminal charges, Etzel and Schultz obtained a 1995 Harley Davidson motorcycle belonging to American's insured, Alfred Michel. As a result of the insured's loss, American paid $16,919 to Michel.

Etzel pled guilty to concealing stolen property contrary to Wis. Stat. § 943.34(1)(c), in Ozaukee County Circuit Court on December 10, 1996. Etzel signed a judgment which provided for three years of probation and restitution in the amount of $12,836.55, to be paid to American. *See State v. Etzel*, Case No. 96-CF-178, (October 20, 1999 Ozaukee Co. Cir. Ct.). A civil judgment was later entered by default against Etzel and Schultz in the amount of $13,156.51, presumably because Etzel was no longer under supervision for the criminal offense. *See American Standard Ins. Co., et al. v. Michael Schultz, et al.*, Case No. 01-CV-260 (June 11, 2001 Waukesha Co. Cir. Ct.). The balance owed by Etzel, including interest on the judgment, as of the date of the bankruptcy petition was $10,800.16.

Etzel disputes that he acted maliciously in obtaining the motorcycle. He asserts he purchased the motorcycle from Schultz, whom he believed was the owner of the motorcycle at the time of the purchase. Etzel states that he pled guilty in the criminal case because he is a single parent and feared that he would lose his children if incarcerated.

The bankruptcy court determined that under *Kelly v. Robinson*, 479 U.S. 36 (1986), as a matter of law, the restitution Etzel owes to American is excepted from

discharge under § 523(a)(7). Accordingly, the bankruptcy court granted American's motion for summary judgment.

**ANALYSIS**

The court has jurisdiction over this appeal because Etzel appeals from a final order of a bankruptcy court within the meaning of 28 U.S.C. § 158(a)(1). The court reviews the bankruptcy court's legal conclusions de novo, and the bankruptcy court's factual findings for clear error. *In re Outboard Marine, Corp.*, 386 F.3d 824, 827 (7th Cir. 2004).

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor the nonmoving party. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 256-57. A party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Any doubt as to the existence of a material fact is to be resolved against the moving party. *Anderson*, 477 U.S. at 255.

Title 11 U.S.C. § 523(a)(7) provides for the nondischargeability of a debt owed to a governmental unit for a fine, penalty, or forfeiture that is not compensation for any actual damages. *See id.* § 523(a)(7). The statute reads, in part, as follows: "A discharge under . . . this title does not discharge an individual debtor from any debt . . . (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." *Id.* Exceptions to discharge of a debt are construed strictly against a creditor and liberally in the debtor's favor and the party seeking to establish an exception to discharge bears the burden of proof. *Kolodziej v. Reines*, 142 F.3d 970, 972-73 (7th Cir. 1998).

Etzel points out that pursuant to § 523(a)(7), in order for a debt to be excepted from discharge, the debt must meet three requirements: (1) the debt must be a "a fine, penalty or forfeiture," (2) the debt must be "payable to and for the benefit of a governmental unit," and (3) the debt must not be "compensation for actual pecuniary loss." *See* 11 U.S.C. § 523(a)(7). Etzel asserts that under these requirements, the restitution he owes to American should be dischargeable because American is not a governmental unit, and the restitution constitutes compensation for actual pecuniary loss.

The bankruptcy court's decision substantially relied upon the U.S. Supreme Court decision, *Kelly v. Robinson*, 479 U.S. 36 (1986). In *Kelly*, the Court generally held that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50. The Court's decision reflected

a "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id.* at 47. Thus, the Court found that restitution obligations imposed by states as part of criminal sentences were not dischargeable in a Chapter 7 bankruptcy proceeding. The Court went on to note:

> In our view, neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution. The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id.* at 52.

Even though restitution is forwarded to the victim and may be calculated by reference to the amount of harm the offender has caused, the Court in *Kelly* held that restitution constitutes a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7). *Id.* The Court also held that restitution orders imposed in criminal proceedings are not assessed to compensate the victim, but rather are focused on the state's interests in rehabilitation and punishment and thus, operate for the benefit of the state. *Id.* at 53.

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for . . . compensation" of the victim. The sentence

> following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

*Id.*

Etzel asserts that the bankruptcy court's reliance upon *Kelly* is misplaced because while *Kelly* does expand the definition of "fine penalty or forfeiture" to include restitution, in order for restitution to be non-dischargeable under § 523(a)(7), Etzel asserts the restitution must be "payable to and for the benefit of a governmental unit" as stated in the statute. Etzel asserts that American's restitution claim fails to meet two of the three elements of § 523 (a)(7). First, Etzel asserts that the restitution he was ordered to pay is not "to and for the benefit of a governmental unit" because he was ordered to send payment directly to American, a private entity. Second, Etzel asserts that the restitution constitutes compensation for American's "actual pecuniary loss." In support of this position, Etzel cites to *In re Towers*, 162 F.3d 952 (7th Cir. 1998).

In *Towers*, the Seventh Circuit held that a civil restitution order won by the Attorney General of Illinois on behalf of and payable to fraud victims under the Illinois Consumer Fraud and Deceptive Business Practices Act was dischargeable in a Chapter 7 bankruptcy proceeding notwithstanding § 523(a)(7). *Id.* at 956. The court held that the civil restitution order was not "for the benefit of a governmental unit" because it was being collected for the benefit of the named non-governmental victims. *Id.* at 956. Thus, the civil restitution order did not meet the requirements of § 523(a)(7) to be excepted from discharge.

The circumstances in *Towers* substantially differ from the circumstances in the instant case. *Towers* concerns the dischargeability of a state *civil* restitution order. *Towers*, 162 F.3d at 953. The instant case concerns the dischargeability of a state *criminal* restitution order. Orders for criminal restitution invoke the state's interests in rehabilitation and punishment that may not be present in an order for civil restitution. Indeed, the court in *Towers* noted the importance of this distinction when it stated that "*Kelly* dealt with a criminal restitution order, and as we have mentioned its animating concern was limited to criminal cases." *Id.* at 954. In this case, even though the judgment of restitution in the criminal case was followed by a civil judgment, given that the restitution obligation arose under the criminal case, the result is the same. The civil judgment did not change the substance of the original criminal restitution obligation. *See Archer v. Warner*, 538 U.S. 314, 321 (2003) (settlement agreement for fraud claims did not create new dischargeable debt).

As noted above, Etzel pled guilty to concealing stolen property in violation of Wis. Stat. § 943.34(1)(c) and was sentenced to three years of probation. Pursuant to Wis. Stat. § 973.09(1)(b), Wisconsin courts are required to order restitution when placing a person on probation, unless there is a substantial reason not to. The statute reads as follows:

> If the court places the person on probation, the court shall order the person to pay restitution under s. 973.20, unless the court finds there is substantial reason not to order restitution as a condition of probation. If the court does not require restitution to be paid to a victim, the court shall state its reason on the record. If the court does require restitution, it shall notify the department of justice of its decision if the victim may be eligible for compensation under ch. 949.

Wis. Stat. § 973.09(1)(b). As the statute explicitly states, the restitution is to "be paid to a victim." *Id.* Accordingly, as part of his sentence, Etzel was ordered to pay restitution in the amount of $12,836.55 to American. *See State v. Etzel*, Case No. 96-CF-178, (October 20, 1999 Ozaukee Co. Cir. Ct.)

Although the restitution appears to be compensatory in nature, it was not assessed to compensate American, but rather to further the state's interest's in rehabilitation and punishment. American did not undertake the payment to its insured expecting to create a debtor-creditor relationship with Etzel. American was fulfilling its obligation under its contract with the insured. The restitution Etzel owes to American is not "compensation for actual pecuniary loss," rather, it arose as a condition of Etzel's probation imposed by the state court pursuant to Wis. Stat. § 973.09(1)(b). Thus, as part of Etzel's state court criminal sentence, the restitution is preserved from discharge by § 523(a)(7). *See Kelly*, 479 U.S. at 50; *see also Nelson v. La Crosse County Dist. Atty*, 301 F.3d 820, 825 n.3 (7th Cir. 2002) (noting that criminal restitution orders are generally non-dischargeable in bankruptcy); *State v. Foley*, 142 Wis. 2d 331, 341, 417 N.W.2d 920, 925 (Wis. Ct. App. 1987) (holding that Wis. Stat. § 973.09 does not impermissibly focus on compensating the victim, and as a result, under the holding of *Kelly*, federal bankruptcy courts should not invalidate the results of state criminal proceedings).

The bankruptcy court's decision noted that several other courts have concluded that state criminal restitution orders are nondischargeable even when owed directly to a private entity. In a case similar to this one, the Third Circuit stated

that "nowhere in its discussion of the victim's role in restitution orders did the *Kelly* Court suggest that the 'payable to and for the benefit of a governmental unit' language is actually limited to government victims." *In re Thompson*, 418 F.3d 362, 366 (3d. Cir 2005); *see also Colton v. Verola*, 446 F.3d 1206, 1209-10 (11th Cir. 2006) (holding that under the Court's holding in *Kelly*, restitution paid to victims of fraud as a condition of probation was not dischargeable ); *Warfel v. City of Saratoga*, 268 B.R. 205, 212 (B.A.P. 9th Cir. 2001) ("bankruptcy statutes should not be interpreted so as to remit state criminal judgments . . . . Probationers should not be encouraged by the Bankruptcy Code to withhold payment until their probation or jail time expires, and then attempt to discharge the debt in bankruptcy."); *Farmers Ins. Exch. v. Mills*, 290 B.R. 822 (Bankr. D. Colo. 2003) (state criminal restitution orders are nondischargeable even when owed directly to private entity; payments specifically imposed by the court to further a state's interest in deterrence and rehabilitation are, in effect, "payable to and for the benefit" of the state); *In re Byrd*, 256 B.R. 246, 255 (Bankr. E.D.N.C. 2000) (holding that it is clear that a restitution award can be payable "to and for the use of the governmental unit" even if the government receives the money and then disburses it to victims).

Notably, Congress has made amendments to the Bankruptcy Code without amending § 523(a)(7) to make state court criminal restitution orders to private entities dischargeable. The Seventh Circuit noted in *Towers* "[i]f Congress wants to supersede the Supreme Court's decisions, it must amend the statute the Court has construed; continuity of text equals continuity of meaning." *In re Towers*, 162 F.3d

at 954 (citing *Pierce v. Underwood*, 487 U.S. 552, 566-68(1988); *Illinois Council on Long Term Care, Inc. v. Shalala*, 143 F.3d 1072, 1075-76 (7th Cir. 1998)). In 1994, 8 years after the Supreme Court's decision in *Kelly*, Congress added 11 U.S.C. § 523(a)(13) to the Bankruptcy Code. When Congress added § 523(a)(13), which exempts from discharge restitution obligations imposed as part of a federal criminal judgment, Congress left § 523(a)(7) alone. Given that Congress did not take that opportunity to add an exemption for state-imposed restitution obligations under Chapter 7, the 1994 amendments to the Bankruptcy Code suggest that Congress approves of the Supreme Court's interpretation of the statute in *Kelly*.

As evidenced by Wis. Stat. § 973.09(1)(b), and in accordance with the principles set forth in *Kelly*, the criminal restitution order in Etzel's case advances the penal and rehabilitative interests of the State of Wisconsin. Under the Supreme Court's holding in *Kelly*, § 523(a)(7) preserves from discharge the restitution Etzel was ordered to pay American; the restitution constitutes a "fine, penalty, or forfeiture," is for the benefit of the state, and is focused on the state's interests in rehabilitation and punishment. Because the Supreme Court's holding in *Kelly* is binding precedent, the court is obliged to affirm the holding of the bankruptcy court.

Accordingly,

**IT IS ORDERED** that the December 23, 2005 order granting American Standard Insurance Co.'s motion for summary judgment be and the same is hereby **AFFIRMED**;

**IT IS FURTHER ORDERED** that this appeal be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this  22nd  day of August, 2006.

BY THE COURT:

 s/ J. P. Stadtmueller 
J. P. Stadtmueller
U.S. District Judge